152 Cal.App.3d 658 (1984)
199 Cal. Rptr. 671
THE PEOPLE, Plaintiff and Respondent,
v.
CONRAD AIMO AHO, Defendant and Appellant.
Docket No. 17118.
Court of Appeals of California, Fourth District, Division Three.
February 29, 1984.
*659 COUNSEL
Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Janice L. Feinstein, Deputy State Public Defender, for Defendant and Appellant.
*660 John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Steven V. Adler and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
SONENSHINE, J.
Defendant, Conrad Aimo Aho, appeals his conviction of driving a vehicle without the owner's consent (Veh. Code, § 10851) and robbery (Pen. Code, § 211).

I
Michael Kellner, while locking his Fiat automobile late at night in a restaurant parking lot, was told by a man holding a handgun, "Hey, man, throw down your keys and run." He did, but hid behind a wall where he saw the robber drive away in the Fiat. Kellner immediately called police, telling them the robber was armed, had blond, collar-length hair, was 5 feet 11 inches to 6 feet tall, and weighed about 165. He did not notice any facial hair.
A month after the incident, Kellner was shown a photographic lineup but was unable to make an identification. At the preliminary hearing, two and a half months later, Kellner noticed Aho sitting alone in one area of the spectator section and told an officer he recognized him as the robber. The hearing was continued and Kellner again identified Aho at the next proceeding.
Aho testified in his own defense at trial and denied both charges. He and several defense witnesses testified he always had a beard, except for a few months some six months prior to the robbery. They also claimed Aho was in Arizona the weekend of the crime and that he never used idioms such as "Hey, man."
The court gave CALJIC instructions No. 2.91, reasonable doubt and identity; No. 2.20, credibility of witnesses; and No. 4.50, reasonable doubt and alibi. Aho, however, claims the court erred in refusing to give five special jury instructions concerning proof of identity beyond a reasonable doubt, relying on People v. Sears (1970) 2 Cal.3d 180 [84 Cal. Rptr. 711, 465 P.2d 847]; People v. Guzman (1975) 47 Cal. App.3d 380 [121 Cal. Rptr. 69]; People v. Hall (1980) 28 Cal.3d 143 [167 Cal. Rptr. 844, 616 P.2d 826]; and People v. West (1983) 139 Cal. App.3d 606 [189 Cal. Rptr. 36]. *661 In addition he asserts the court improperly instructed on admissions and claims sentencing error.

II
(1) It is axiomatic a defendant in a criminal trial is entitled to instructions which relate particular facts to legal issues. (People v. Sears, supra, 2 Cal.3d 180, 190.) Where the facts involve eyewitness identification, the obligation is no less compelling. Following Sears courts have been nearly unanimous in concluding it is error to refuse patterned eyewitness identification instructions, notwithstanding the time-consuming nature of the task and the availability of CALJIC instructions covering the same general principles (CALJIC Nos. 2.91, 2.20, 4.50). (People v. Hall, supra, 28 Cal.3d 143; People v. Glaude (1983) 141 Cal. App.3d 633 [190 Cal. Rptr. 479]; People v. West, supra, 139 Cal. App.3d 606; People v. Guzman, supra, 47 Cal. App.3d 380; Contra, People v. Levingston (1982) 136 Cal. App.3d 724 [186 Cal. Rptr. 417]; People v. Sequeira (1981) 126 Cal. App.3d 1 [179 Cal. Rptr. 249]; People v. Lybrand (1981) 115 Cal. App.3d 1 [171 Cal. Rptr. 157].)
An historical overview of decisional law shows that in Sears, the court found reversible error when the trial court refused a special instruction directing "attention to evidence from a consideration of which a reasonable doubt of his guilt could be engendered.... This right is not limited to felony-murder cases ... [a] defendant is entitled to an instruction relating particular facts to any legal issue." (Sears, supra, 2 Cal.3d at p. 190.)
In Guzman the court was asked to reverse on many issues including the refusal to give patterned instructions. The court commented some of the requested instructions were "too long and argumentative, but ... could have been modified to eliminate the faults contained." It found other instructions "basically correct and if anything require the changing of only a word or two." However, after accepting the logic and philosophy of Sears, the court concluded the error of refusing the requested instructions was "nonprejudicial in the light of the giving of general instructions on the credibility of witnesses (CALJIC No. 2.20) which cover many of the matters which might affect the validity of a witness' identification testimony, and the last paragraph of CALJIC No. 4.50 on alibi, which expressly requires proof beyond a reasonable doubt as to defendant's presence at the scene of the crime (basically the same issue as is involved in identification)." (People v. Guzman, supra, 47 Cal. App.3d 380, 387-388.) The court reversed only after considering the instructional errors in toto with other errors in the case.
*662 Hall reached the same conclusion as Guzman. After noting the trial court should have given the requested instructions dealing with identification in the context of reasonable doubt, the court held the error was nonprejudicial "since the trial court did read to the jury CALJIC No. 2.91, as modified ... and CALJIC No. 2.20. (Fns. omitted.)" (People v. Hall, supra, 28 Cal.3d 143, 159.) The Supreme Court, however, further found, citing Sears, "In the future the trial courts should consider and give appropriate instructions involving reasonable doubt and eyewitness identification. (See People v. Sears, supra, 2 Cal.3d at p. 190.)" (Id., at pp. 159-160.)
Appellate courts since Hall have been reluctant to follow Hall's suggestion. In People v. Lybrand, supra, 115 Cal. App.3d 1, 13, the court found "[T]he Hall rule is explicitly prospective only," and affirmed the lower judgment. In People v. Sequeira, supra, 126 Cal. App.3d 1, 18, the court confused the mandate of Hall by holding "The giving of CALJIC No. 2.91 distinguishes the present case from Guzman, and fulfilled the trial court's instructional obligations relating to identification testimony and reasonable doubt." Lybrand and Sequeira were both relied upon in People v. Levingston, supra, 136 Cal. App.3d 724, 727, where the court found the giving of CALJIC Nos. 2.20 and 2.91 satisfies "... the Guzman requirement and made additional instructions superfluous," noting the Hall rule "is explicitly prospective only, and does not apply to this 1976 trial." (Id., at p. 727, fn. 2.) And finally, in People v. Glaude, supra, 141 Cal. App.3d 633, 642, the court found any error in refusing to give the jury defendant's "proffered instructions concerning proof of identity beyond a reasonable doubt" was harmless since the jury was given CALJIC Nos. 2.20, 2.91 and 2.22.
It was not until People v. West, supra, 139 Cal. App.3d 606 that a court found the giving of CALJIC standard instructions to the exclusion of patterned instructions to be error. Despite CALJIC Nos. 2.20, 2.91 and 4.50 having been given, the court concluded the defendant is entitled to have the jury instructed on the factors linking reasonable doubt to identification in determining if the prosecution had met its burden of proof. (See People v. Yeats (1984) 150 Cal. App.3d 983 [198 Cal. Rptr. 268].)
(2) Although failure to give requested patterned instructions is error, it is not reversible per se. Rather following People v. Watson (1956) 46 Cal.2d 818 [299 P.2d 243] we must weigh the particular facts of each case in light of the specific instructions refused. (People v. West, supra, 139 Cal. App.3d 606, 610.) Unlike the determinations made in Guzman, Lybrand and Levingston, the inquiry does not end upon finding the trial court instructed the jury on CALJIC Nos. 2.91 and 2.20. As in West, it is only after considering the facts of the case it may be determined whether the *663 absence of instructional error would have led to a result more favorable to the defendant. (People v. Watson, supra, 46 Cal.2d 818, 836.)

III
(3) It was error for the trial court to refuse to instruct the jury on Aho's patterned instructions. Although they contained language, similar or identical to those in Guzman which were found to be "too long and argumentative," they should have been modified and given.
The error, however, was harmless. Aho matched the description given the police by Kellner. He was arrested in Kellner's car three weeks after the crime, when police saw him drive, lights out, into an alley and duck down to avoid detection. At the time of his arrest he was wearing one cotton glove and was holding a handgun matching the gun used in the robbery. Aho told the officers he was thinking of buying the car and was test driving it, although he knew the owner only as "Jack" and could not later find him.
Friends and relatives testified Aho wore a beard and was in Arizona at the time of the robbery, but the police officers told the jury his beard was two days old. His sister, who originally claimed Aho was in Arizona, admitted she told the police the day after the arrest she had not seen her brother for weeks. We conclude, after considering the entire record, it is not reasonably probable a result more favorable to defendant would have been reached but for the error. (People v. Watson, supra, 46 Cal.2d 818, 836.)

IV
Aho complains the trial court erred in giving CALJIC No. 2.71 as he made no statement which could qualify as an admission. He argues a statement, to qualify as an admission, must be inculpatory and his statements to the police denying owning or stealing the automobile were exculpatory. (4) This distinction is, however, meaningless in light of the 1980 revision to CALJIC No. 2.71 defining an admission as a statement "which does not by itself acknowledge his guilt." "Statements to be admissions need not be incriminating. Further, the instructions require the jury to determine for itself if an admission was in fact made." (People v. Perkins (1982) 129 Cal. App.3d 15, 23 [180 Cal. Rptr. 763].)

V
(5) Finally Aho argues his conviction for driving a vehicle without consent (Veh. Code, § 10851) was improper since the taking of the automobile *664 was a lesser included offense in the crime of robbery. Aho concedes Vehicle Code section 10851 is not a necessarily lesser included offense nor was it a lesser included offense based upon the pleadings in this case. He argues People v. Cole (1979) 94 Cal. App.3d 854 [155 Cal. Rptr. 892] and People v. Collins (1960) 54 Cal.2d 57 [4 Cal. Rptr. 158, 351 P.2d 326] created a third test for lesser included offenses; namely where the facts adduced at the preliminary hearing placed the defendant on notice.
In People v. Lohbauer (1981) 29 Cal.3d 364 [173 Cal. Rptr. 453, 627 P.2d 183], the Supreme Court rejected the lesser included offense test of Cole and Collins and held trespass (Pen. Code, § 602) was not a lesser included offense of burglary (Pen. Code, § 459) regardless of the proof at the preliminary hearing. Both convictions were proper.
Although conviction for both robbery and the unlawful taking of a vehicle were proper, Penal Code section 654 precludes punishment for both. As respondent concedes, the court improperly imposed a concurrent sentence when in fact, the court should have stayed sentence.
The judgment is affirmed. The abstract of judgment is ordered modified to stay sentence as to count I (Veh. Code, § 10851), the stay to become permanent upon our decision becoming final and completion of sentence on count II (Pen. Code, § 211).
Crosby, Acting P.J., and Wallin, J., concurred.