[No. B067774. Second Dist., Div. Seven. May 27, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL PETER RUSH, Defendant and Appellant.

COUNSEL

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Frederick R. Millar, Jr., and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LILLIE, P. J.—Michael Peter Rush appeals from the judgment entered following a jury trial that resulted in his conviction of second degree robbery

and grand theft of an automobile (Pen. Code, § 211 and former § 487h, subd. (a), now § 487, subd. 3), each with the use of a firearm (Pen. Code, § 12022.5), as alleged in a two-count information. He was sentenced to concurrent seven-year prison terms, comprised of a three-year term on each count enhanced by four-year terms for firearm use, and contends he "was improperly convicted of robbery and the lesser included offense of grand theft auto."

Viewed in accordance with the usual rules on appeal (*People* v. *Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388]), the evidence established that at approximately 2 a.m. on August 27, 1991, appellant approached Bruce Ray as he sat in his automobile. Appellant placed a gun to Ray's head and ordered him out of the vehicle. Ray complied and lay face-down on the ground while appellant stole his wallet and car keys. Another man approached and told appellant to shoot Ray, then entered and attempted to start the car. Ray advised the two on how to start the car, then heard the engine start, the passenger door open and close, and the car being driven off. The car was recovered a few days later and appellant's left thumb prints were found on the rearview mirror.

## DISCUSSION

The contention that appellant may not be convicted of both robbery and grand theft of the automobile stolen during the robbery is well taken. Robbery is a form of theft, with the added elements of the application of force or fear while taking the property from the person or immediate presence of the victim. (*People* v. *Ramkeesoon* (1985) 39 Cal.3d 346, 351 [216 Cal.Rptr. 455, 702 P.2d 613].) Ordinarily, when all of the elements of one offense carrying lesser penalties are expressly contained within the elements of another offense carrying greater penalties, the former is a lesser included offense of the latter. This analysis is conducted in the abstract, without reference to the pleadings or facts of the particular case. (*People* v. *Pendleton* (1979) 25 Cal.3d 371, 382 [158 Cal.Rptr. 343, 599 P.2d 649].) Under this analysis, the Attorney General correctly observes that robbery may be committed, in the abstract, without committing automobile theft. This does not end the inquiry.

In *People* v. *Irvin* (1991) 230 Cal.App.3d 180 [281 Cal.Rptr. 195], the defendant robbed the victim in her car in a parking lot, then forcibly stole her car after driving a short distance across the lot. In finding that the forcible taking of the automobile was necessarily included within the robbery because it was part of the loot, the court observed:

"It is well settled that multiple convictions may not be based on necessarily included offenses, and where one offense is necessarily included

in the other, conviction of the greater offense is controlling, and the defendant may not be convicted of the lesser offense. (*People* v. *Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) In the *Pearson* case, the Supreme Court noted that where a defendant is convicted 'of robbery and grand theft for the same act . . . [,] the grand theft conviction must be reversed "because it is a lesser necessarily included offense of the crime of robbery." ' (*Ibid.*, citing *People* v. *Cole* (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182].) . . . However, '[i]t has long been the law of California that robbery is simply an aggravated form of theft with the additional element of force or fear, and that theft is therefore a lesser but necessarily included offense of robbery.' (*People* v. *Miller* (1974) 43 Cal.App.3d 77, 81 [117 Cal.Rptr. 491].) . . .

■ "Robbery is a crime which is frequently spread over distance and varying periods of time. It is generally committed in three phases, which are assault of the victim, seizure of the victim's property, and the robber's escape to a location of temporary safety. (*People* v. *Laursen* (1972) 8 Cal.3d 192, 199-200 [104 Cal.Rptr. 425, 501 P.2d 1145].) The crime of robbery is not confined to the taking of property from the victim, and the crime is not completed until the robber has won his way to a place of temporary safety. (*People* v. *Carroll* (1970) 1 Cal.3d 581, 585 [83 Cal.Rptr. 176, 463 P.2d 400].) Thus, a robbery may be a continuing crime, spread over distance and time. (*People* v. *Chapman* (1968) 261 Cal.App.2d 149, 175 [67 Cal.Rptr. 601].) That defendant here relieved the victim of her purse and money and then a short time later removed her car from her does not alter the continuing nature of the robbery.

■ "To convict an accused of robbery, proof is required that the accused took personal property from the immediate presence of the victim. The Supreme Court has held that 'immediate presence' means an area in which the victim could have reasonably expected to exercise some physical control over his or her property. (*People* v. *Hayes* (1990) 52 Cal.3d 577, 626-627 [276 Cal.Rptr. 874, 802 P.2d 376], citing *People* v. *Bauer* (1966) 241 Cal.App.2d 632, 642 [50 Cal.Rptr. 687].) In *Bauer, supra*, the defendant murdered the victim and then took the victim's keys and the car parked outside the house in which the murder took place. The appellate court held that the robbery encompassed the taking of the car as well as the keys. (*Id.* at p. 642.)

"We find no authority for the proposition that a robber may be charged with and convicted of a separate robbery, or an additional offense of grand theft, because he or she took more than one item from a solitary victim during a single course of conduct. . . .

"In the instant case, since the defendant had neither ceased to threaten violence toward the victim nor had yet made his escape at the time he let the victim out of her car and drove away, there was but one act of robbery, and that occurred concurrently with the accompanying acts of theft (i.e., the taking of the victim's purse, money and car). Logically, the theft of the automobile is no more divisible from the rest of the robbery than is the theft of the money from the theft of the purse. (See *People* v. *Estes* (1983) 147 Cal.App.3d 23, 28-29 [194 Cal.Rptr. 909], in which the defendant's robbery conviction was affirmed but his theft conviction reversed where the defendant shoplifted merchandise in a store and then assaulted a security guard who tried to apprehend him in the parking lot.)

"Although the defendant took more than one item of personal property . . . the few seconds which elapsed between each taking coupled with the circumstance that her car traveled some small distance across the parking lot are wholly insufficient facts to sustain a finding that defendant can be convicted of both robbery and grand theft in this case. The robbery here was a continuous transaction, and the theft of the automobile was necessarily included within that robbery." (*People* v. *Irvin, supra,* 230 Cal.App.3d at pp. 184-186; cf. *People* v. *Gomez* (1992) 2 Cal.App.4th 819, 826 [3 Cal.Rptr.2d 418].)

■ Fairly read, the foregoing merely holds that a defendant who steals various items by force or fear, in a continuing transaction, commits but one offense and the loot may not be splintered into separate counts of theft for purposes of multiple conviction. This is not to say that, in an appropriate case, it is impermissible to plead the various offenses that may be shown by the evidence. The People are not required to pursue only the most serious offense, here robbery, and risk a failure of proof as to one or more elements, when the evidence adequately supports conviction of another form of theft transactionally inseparable from the robbery. The analysis of lesser included offenses in such a case is based upon the pleadings and facts in support of the conviction. The inquiry is essentially fact specific, focusing upon the notice given to the defendant and factual posture of the case. The lesser offense may be charged, as here, in a separate count within the information, or, as is often the case, suggested by the language with which an individual count is pleaded. (Pen. Code, §§ 949, 952.)

In *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456], the information alleged a single count of robbery in the statutory language, with the additional recitation that the property stolen included the victim's automobile. The defendant was acquitted in a court trial of robbery, but convicted of unlawfully taking the motor vehicle. In affirming the conviction of this

specifically pleaded, factually included, lesser offense it was held that the specific language of the accusatory pleading may be used to determine the necessarily included offenses in a given case, even when the lesser offense is not otherwise included within the elements of the greater offense. (*People* v. *Marshall, supra*, 48 Cal.2d at pp. 399-406.)

Thus, it has been held that unlawful sexual intercourse with a minor may be included within a charge of forcible rape when the defendant had received notice of the victim's age at the preliminary hearing. (*People* v. *Collins* (1960) 54 Cal.2d 57, 59-60 [4 Cal.Rptr. 158, 351 P.2d 326]; cf. *People* v. *Troyn* (1964) 229 Cal.App.2d 181, 184-185 [39 Cal.Rptr. 924].) Similarly, on somewhat unusual facts, misdemeanor lewd conduct in a public place was found to be included within a felony charge of oral copulation, although the latter offense was not alleged to have occurred in public, where the evidence and theory of the parties supported this conclusion, and there was no objection by the defendant. (*People* v. *Hensel* (1965) 233 Cal.App.2d 834, 838-839 [43 Cal.Rptr. 865].) This latter holding has been effectively limited to its facts and conviction of an unincluded offense of which the pleadings give no notice is presently impermissible. (*People* v. *Delgado* (1989) 210 Cal.App.3d 458, 463 [258 Cal.Rptr. 365]; *People* v. *Puckett* (1975) 44 Cal.App.3d 607, 611-612 [118 Cal.Rptr. 884]; cf. *In re Alberto S.* (1991) 226 Cal.App.3d 1459, 1464-1466 [277 Cal.Rptr. 475].)

In *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368-369 [173 Cal.Rptr. 453, 627 P.2d 183], the concept of a lesser offense included within the specific language of the pleadings was explained, as follows: "As to a lesser included offense, the required notice is given when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense. ([*People* v. *West* (1970) 3 Cal.3d 595, 612 (91 Cal.Rptr. 385, 477 P.2d 409)]; *People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456].) However, even when the charge does not so specify, the requisite notice is nonetheless afforded if the lesser offense is 'necessarily included' within the statutory definition of the charged offense; in such event conviction of the included offense is expressly authorized (§ 1159). In this connection we have said that ' " 'The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' " [Citations.]' (*People* v. *Pendleton* (1979) 25 Cal.3d 371, 382 [158 Cal.Rptr. 343, 599 P.2d 649].) This definition may be traced to *People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512], and *People* v. *Krupa* (1944) 64 Cal.App.2d 592, 598 [149 P.2d 416]." Similarly, in *People* v. *Thomas* (1987) 43 Cal.3d 818 [239 Cal.Rptr. 307, 740 P.2d 419], the defendant contended that a pleading which alleged voluntary manslaughter by citing the Penal Code section did not include involuntary

manslaughter, the offense of which he was convicted. The court reiterated its earlier holding in *People* v. *Marshall, supra,* that " 'the specific allegations of the accusatory pleading, rather than the statutory definitions of offenses charged, constitute the measuring unit for determining what offenses are included in a charge.' " (*People* v. *Thomas, supra,* at p. 826.)

■ Turning to the present matter, count 1 of the information alleged the robbery of "Bruce Ray" and count 2 alleged grand theft of a motor vehicle "the property of Bruce Ray," both of which occurred on August 27, 1991. The pleading contained no further recitation of a connection between the offenses; however, the evidence at the preliminary hearing and at trial unequivocally established that the automobile was part of the loot stolen in the robbery. Here, the specific language of the pleadings alleged the automobile theft as a lesser, necessarily included offense within the charged robbery because the offenses involved the same victim on the same date. It appears settled that "[a] defendant commits only one robbery no matter how many items he steals from a single victim pursuant to a single plan or intent." (*People* v. *Brito* (1991) 232 Cal.App.3d 316, 326 [283 Cal.Rptr. 441].) It was error to convict on both the greater and specifically pleaded lesser included offenses, and the conviction of the lesser offense must be reversed and the count dismissed. (*People* v. *Irvin, supra,* 230 Cal.App.3d at p. 186.)

### DISPOSITION

The conviction of grand theft of an automobile with the use of a firearm in count 2 is reversed and the count is dismissed. In all other respects, the judgment is affirmed.

Johnson, J., concurred.

**WOODS (Fred), J.,** Dissenting.—*People* v. *Irvin* (1991) 230 Cal.App.3d 180 [281 Cal.Rptr. 195] (Second Dist., Div. 5, Justice Turner dissented), the entire and unexplained support for the majority opinion, is wrongly decided. Its error misled the court in *People* v. *Gomez* (1992) 2 Cal.App.4th 819 [3 Cal.Rptr.2d 418] (2d Dist., Div. 3) and now has lead astray my colleagues.[1] Its holding that grand theft auto is a lesser, necessarily included offense of robbery can only cause chaos in the trial courts and confusion in the appellate courts. I explain.

### FACTUAL BACKGROUND

The essential facts are now so common a new word has been coined to describe them: carjacking. A robber, often armed with a gun (as in both *Irvin*

---

[1]See also *People* v. *Valenzuela* (1993) 14 Cal.App.4th 837 [17 Cal.Rptr.2d 755].

and the instant case), forces a car owner from his/her car and steals the car. In *Irvin* money and a purse were also stolen; in the instant case a wallet was taken.

In both *Irvin* and the instant case the defendant was charged with robbery in one count, grand theft auto in a separate count, and convicted of both.

### Origins and Functions of Included Offense Doctrine

Until 1915, in California, an "accusatory pleading could charge but one offense." (*People* v. *Tideman* (1962) 57 Cal.2d 574, 579 [21 Cal.Rptr. 207, 370 P.2d 1007].) That meant that if a defendant hit a victim on the head with a whiskey glass and also bit the victim's finger causing it to be amputated, the defendant could *not* be charged with both "assaults" in the same accusatory pleading. (*People* v. *Defoor* (1893) 100 Cal. 150 [34 P. 642].) The prosecutor could charge both assaults but separate pleadings and separate trials were required. This one-count-per-accusatory-pleading restriction had ramifications. *Defoor* illustrates some.

In *Defoor*, the prosecutor charged assault with intent to commit murder (for the whiskey glass hit on the head) in one accusatory pleading and mayhem (for the amputated finger) in another.

The assault with intent to commit murder charge was tried first. At that trial only a *simple* assault was proved. Could the jury convict Defoor of this different crime? And if not, did that mean that Defoor got off scot-free?

Penal Code[2] section 1023[3] suggested this latter possibility because it provided that a defendant was in jeopardy not only for the charged offense but "for an offense necessarily included therein . . ."

But section 1159[4] provided the remedy. It allowed—then, as now—"[t]he jury . . . [to] find the defendant guilty of any offense, the commission of which is *necessarily included in that which he is charged* . . . ." (Italics added.)

---

[2]Statutory references, unless otherwise noted, are to the Penal Code.

[3]The section read: "When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

In 1951 cosmetic changes were made.

[4]The section reads: "The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

Noteworthy are the doctrine's two principal functions, thus illustrated. One expands and implements the protection against double jeopardy (§ 1023). The other *permits* a defendant charged with one crime to be *convicted* of another crime (§ 1159).

That's what happened to Defoor: he was convicted of simple assault, a "necessarily included" offense of assault with intent to commit murder.[5]

Another function—involved in *Irvin, Gomez* and the instant case—*prohibits* conviction. If by committing one offense a defendant *necessarily* commits a lesser included offense, he may be convicted of one but not both offenses. (*People* v. *Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595]; *People* v. *Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763]; *People* v. *Smith* (1950) 36 Cal.2d 444, 448 [224 P.2d 719].)

The usefulness of this prohibitory function is questionable. (See Johnson, *Multiple Punishment and Consecutive Sentences: Reflections on the Neal Doctrine* (1970) 58 Cal.L.Rev. 357.) Our Supreme Court has stated "the reason for the rule is unclear" (*People* v. *Pearson, supra,* 42 Cal.3d 351, 355) and in applying it has only "assum[ed] arguendo" that it is correct. (*Ibid.*) Although an early case stated "[t]he doctrine of included offenses is a part of the constitutional guarantee against double jeopardy" (*People* v. *Kehoe* (1949) 33 Cal.2d 711, 713 [204 P.2d 321]), there can be no *double* jeopardy in a single prosecution and trial. (*People* v. *Tideman, supra,* 57 Cal.2d 574, 578.)

Although this function (prohibiting double conviction) contradicts section 954,[6] is of murky origin, and has recently been questioned by our Supreme Court (*People* v. *Pearson*), at least for now, it remains the law.

As discussed, in order for this prohibition against double *conviction* to apply, the lesser offense must *"necessarily"* be included in the other, greater

---

[5]At the second trial, for mayhem, Defoor's double jeopardy plea was initially rejected but following his conviction and appeal, accepted. This result was criticized in *People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456].

[6]The section reads: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but *the defendant may be convicted of any number of the offenses charged,* and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court; provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately. An acquittal of one or more counts shall not be deemed an acquittal of any other count." (Italics added.)

offense. Because of this "necessarily" component (without yet suggesting its precise meaning), the prohibition is a narrow one. Double or multiple convictions (in a single prosecution) are *permitted* (§ 954) *unless* one offense is *"necessarily"* included in the other.

The narrowness of this double conviction prohibition may be usefully contrasted with an entirely separate prohibition: the prohibition against double punishment (§ 654).

## THE PROHIBITION AGAINST DOUBLE PUNISHMENT

Section 654[7] protects against double *punishment.* It does *not* prohibit double convictions. (*People* v. *Siko* (1988) 45 Cal.3d 820, 823 [248 Cal.Rptr. 110, 755 P.2d 294]; *People* v. *Pearson, supra,* 42 Cal.3d 351, 359; *In re Wright* (1967) 65 Cal.2d 650, 653 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *McFarland* (1962) 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Tideman, supra,* 57 Cal.2d 574, 586; *People* v. *Smith, supra,* 36 Cal.2d 444, 448.) This "distinction between multiple convictions and multiple punishments has often been blurred." (*People* v. *Watterson* (1991) 234 Cal.App.3d 942, 946 [286 Cal.Rptr. 13].) As Justice Mosk observed: "This court has long struggled with the problem of permitting multiple convictions while protecting the defendant from multiple punishment. Some of our earlier decisions held that the imposition of concurrent sentences sufficiently protected the defendant from multiple punishment because he would be serving each of his sentences simultaneously. [Citation.] In other cases, however, we refused to affirm multiple convictions because of the possibility that such convictions would disadvantage the defendant when the Adult Authority fixed the date he would ultimately be released from prison. [Citations.] In *Neal* v. *State of California, supra,* 55 Cal.2d 11, we went so far as to indicate that multiple convictions were invalid per se. (*Id.* at p. 19 ['If only a single act is charged as the basis of the multiple convictions, only one conviction can be affirmed.'].)

"Our later cases, however, reaffirmed that section 654 bars multiple punishment, not multiple conviction." (*People* v. *Pearson, supra,* 42 Cal.3d 351, 359.)

Thus, if by a *single "act"* (or indivisible course of conduct) a defendant violates two criminal statutes (which are not necessarily included offenses)

---

[7]The section reads: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

he or she may not be *punished* for both (§ 654) but may be *convicted* of both. The examples are legion: illegal abortion and murder (*People* v. *Tideman, supra,* 57 Cal.2d 574); attempted murder and assault with a deadly weapon on a peace officer (*People* v. *Parks* (1971) 4 Cal.3d 955 [95 Cal.Rptr. 193, 485 P.2d 257] [one shot fired]); battery with serious bodily injury (§ 243) and felony assault (*People* v. *Toro* (1989) 47 Cal.3d 966, 971, fn. 3 [254 Cal.Rptr. 811, 766 P.2d 577]); kidnapping for purpose of robbery (§ 209) and robbery (*In re Wright, supra,* 65 Cal.2d 650; *People* v. *Beamon* (1973) 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905]); burglary and grand theft (*People* v. *McFarland, supra,* 58 Cal.2d 748 [defendant entered hospital with intent to steal $600 compressor and then stole it]); sodomy of a child (§ 286, subd. (c)) and child molestation (§ 288) (*People* v. *Pearson, supra,* 42 Cal.3d 351, 355-356; *People* v. *Siko, supra,* 45 Cal.3d 820); forcible oral copulation of a child (§ 288a) and child molestation (*People* v. *Kaurish* (1990) 52 Cal.3d 648, 695 [276 Cal.Rptr. 788, 802 P.2d 278]); possession of a sawed-off shotgun (§ 12020, subd. (a)) and possession of a concealable firearm by a felon (§ 12021.1) (*People* v. *Scheidt, supra,* 231 Cal.App.3d 162); rape of a child and child molestation (*People* v. *Griffin* (1988) 46 Cal.3d 1011, 1030 [251 Cal.Rptr. 643, 761 P.2d 103]; *People* v. *Siko* (1950) 36 Cal.2d 820 [224 P.2d 719]); assault with a deadly weapon by a life-term inmate (§ 4500) and murder (*People* v. *Smith, supra,* 36 Cal.2d 444); possession of cocaine and transportation of cocaine (*People* v. *Thomas* (1991) 231 Cal.App.3d 299 [282 Cal.Rptr. 258]); conspiracy to possess cocaine for sale and possession of cocaine for sale and transportation of cocaine (*People* v. *Watterson, supra,* 234 Cal.App.3d 942); robbery and felony joyriding (Veh. Code, § 10851) (*People* v. *Aho* (1984) 152 Cal.App.3d 658 [199 Cal.Rptr. 671]).

In each of these cases, *factually* the offenses were inextricable, often committed by one act such as the abortion-murder in *Tideman* or the single gunshot attempted murder-assault with a deadly weapon in *Parks.* Yet in each case the defendant was *convicted* of (at least) two offenses.

So what is the significance of these cases? Do they reveal what the necessarily included offense doctrine is? No.[8] But they do reveal what it isn't.

The cases demonstrate that just because, *in fact,* one indivisible act simultaneously violates two statutes (e.g., one gunshot: (1) attempted murder (2) assault with a deadly weapon [*People* v. *Parks*]) that does *not* mean the two offenses are "necessarily" included. *Factual* inextricability does *not* equal "necessarily included."

Another significance: it is not the necessarily included offense doctrine which protects defendants from inappropriate (double) punishment. *None* of

---

[8]Although many, such as *People* v. *Tideman, do* state the meaning of the doctrine.

the defendants in the cited cases were protected by that doctrine. It is section 654—which does *not* prohibit double *conviction* —which protects against double *punishment*.

## THE NECESSARILY INCLUDED OFFENSE DOCTRINE

The necessarily included offense doctrine is *one* doctrine. Section 1159, which applies to all charges, reads: "The jury, or the judge if a jury is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

So whether a defendant is charged with robbery or pimping, burglary or forgery, murder or sale of cocaine—one test, the same test, is applied to determine if another offense is "necessarily included" in the charged offense.

The test, in the often quoted words of *People* v. *Greer*, is phrased this way: "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512], quoted in *People* v. *Pearson, supra,* 42 Cal.3d 351, 355.)

However plain and clear these words may seem, they are not plain and clear enough: *People* v. *Irvin* acknowledges the words (*People* v. *Irvin, supra,* 230 Cal.App.3d 180, 184) but misunderstood their meaning.[9]

The meaning of these words is not a recent discovery. In 1904 our Supreme Court stated: "To be 'necessarily included' in the offense charged, the lesser offense must not only be part of the greater *in fact*, but it must be embraced *within the legal definition* of the greater as a part thereof." (*People* v. *Kerrick* (1904) 144 Cal. 46, 47 [77 P. 711], italics added.)

In 1928, an appellate court in rejecting the claim that drunk driving and reckless driving were necessarily included offenses stated: ". . . a comparison of the wording of the two sections is sufficient to show that the

---

[9]The majority opinion similarly acknowledges the words ("[Lesser included offense] analysis is conducted in the abstract, without reference to the . . . facts . . . ." Maj. opn., *ante,* p. 23), then, unblinkingly, states the opposite ("The analysis of lesser included offenses . . . is based upon . . . facts . . . . The inquiry is essentially fact specific . . . ." Maj. opn., *ante,* p. 25). In its final paragraph, the majority opinion mints a new test for necessarily included offenses: count-linking. (Maj. opn., *ante,* p. 27.) No authority is, or could be, cited for such a test which is irreconcilable with all California Supreme Court authority. (See also *People* v. *Manning* (1992) 5 Cal.App.4th 88, 90-91 [6 Cal.Rptr.2d 671]; *People* v. *Scheidt* (1991) 231 Cal.App.3d 162 [282 Cal.Rptr. 228].)

elements constituting one of these crimes are not embraced within the legal definition of the other." (*People* v. *McGrath* (1928) 94 Cal.App. 520, 525 [271 P. 549].)

In 1943 *People* v. *Thomas* stated: "It is the settled law of California that convictions may be had for more than one offense committed by means of a single act or series of acts, where there is an *element* of one crime not found in the other. . . ." (*People* v. *Thomas* (1943) 59 Cal.App.2d 585, 587 [139 P.2d 359], citing 13 cases; italics added.)

In 1944, *People* v. *Krupa* stated: ". . . the rule is that a defendant may be convicted of two offenses when they differ in their necessary *elements*. . . . If, in the commission of acts denounced by one statute, the offender must *always* violate another, the one offense is necessarily included in the other." (*People* v. *Krupa* (1944) 64 Cal.App.2d 592, 597, 598 [149 P.2d 416], italics added.)

In 1955, Justice Traynor addressed the issue of whether a defendant charged with forcible rape could be legally convicted (as a necessarily included offense) of contributing to the delinquency of a minor. The decision, a seminal one, is revealing. Justice Traynor decided the issue without mentioning a single *fact*.[10] The facts are omitted, not through oversight, but because they were irrelevant in deciding if one offense is necessarily included in another. Justice Traynor disposed of the issue as follows: "Forcible rape (Pen. Code, § 261, subd. 3), can be committed without contributing to the delinquency of a minor, e.g., forcible rape of a woman 21 years of age or more. The latter offense, *therefore*, is not necessarily included in the former." (*In re Hess* (1955) 45 Cal.2d 171, 174 [288 P.2d 5], italics added.)

Only one more decision need be considered, *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456], a landmark opinion.

Marshall was charged with one offense, robbery. In a court trial, he was acquitted of robbery but convicted of taking a vehicle without the owner's consent (Veh. Code, § 503, now Veh. Code, § 10851). He appealed, arguing that not having been charged with Vehicle Code section 503 (because it was not a necessarily included offense of robbery) he could not lawfully be convicted of it.

*Marshall* agreed that "[a] person charged simply with robbery 'in the words of the statute describing the offense' would not be charged with and could not be properly convicted of the offense defined by section 503

---

[10]Justice Shenk, in dissent, discussed the facts.

because the accusatory pleading would not inform the defendant that he must be prepared, at the trial, to contravene evidence that he took a particular kind of personal property, a vehicle."[11] (48 Cal.2d at p. 399.)

Reinforcing this *elements*, not evidence, test of a necessarily included offense, *Marshall* further observed: "Some cases suggest *mistaken* views that an offense may be 'necessarily included' in another offense . . . because the *evidence* proves a 'lesser' offense . . . ." (48 Cal.2d at p. 405, italics added.)

Finally, *Marshall* promulgated the holding it is famous for: when the language of the accusatory pleading exceeds the statutory language, the "yardstick" for a necessarily included offense is the language of the accusatory pleading. (48 Cal.2d at p. 405.) Because—and only because—the accusatory pleading went beyond the statutory language of robbery and specified that "Seventy Dollars" *and* an automobile were stolen, Marshall was properly convicted of Vehicle Code section 503.

Needless to say, it was not *evidence* of an auto robbery which validated the uncharged Vehicle Code section 503 conviction but *accusatory pleading language.*

In summary, when only statutory language has been pleaded, "a strict test has been developed [for a necessarily included offense] based on the *elements* of the crime as defined in the particular statute: A crime is an included offense if all of its *elements* are also *elements* of the other crime . . . And a crime is not an included offense if any of its *elements* is not an *element* of the other crime . . . ." (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 325, p. 376, italics added. See also *People* v. *Bacigalupo* (1991) 1 Cal.4th 103, 127 [2 Cal.Rptr.2d 335, 820 P.2d 559]; *People* v. *Toro, supra,* 47 Cal.3d 966, 972; *People* v. *Pearson, supra,* 42 Cal.3d 351, 355; *People* v. *Wolcott* (1983) 34 Cal.3d 92, 98 [192 Cal.Rptr. 748, 665 P.2d 520]; *People* v. *Thomas* (1991) 231 Cal.App.3d 299, 305 [282 Cal.Rptr. 258]; Comment (1959) 11 Stan. L.Rev. 735, 750-751.)

## DOES ROBBERY NECESSARILY INCLUDE THE OFFENSE OF GRAND THEFT VEHICLE?

Section 211 defines robbery: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Its

---

[11]*People* v. *Irvin* is irreconcilable with this pronouncement. It also contradicts *People* v. *Irvin*'s attempt to distinguish *People* v. *Aho, supra,* 152 Cal.App.3d 658. (*People* v. *Irvin, supra,* at p. 186, fn. 3.)

elements are: (1) taking (2) personal property (3) from the person or immediate presence of its possessor (4) by force or fear. (See 2 Witkin & Epstein, Cal. Criminal Law, *supra*, § 635, p. 715 et seq.)

The pertinent element is "personal property."[12] Although "personal property" must have "some intrinsic value" (2 Witkin & Epstein, Cal. Criminal Law, *supra*, § 635, p. 715), it need not be of any particular kind or worth. (*Ibid.*) A pack of cigarettes (*People* v. *Simmons* (1946) 28 Cal.2d 699, 705 [172 P.2d 18]), an empty wallet, even if immediately discarded (*People* v. *Carroll* (1970) 1 Cal.3d 581 [83 Cal.Rptr. 176, 463 P.2d 400]) or returned (*People* v. *Pruitt* (1969) 269 Cal.App.2d 501 [75 Cal.Rptr. 125]), a one-dollar bill (*ibid.*), and even an empty ripped-off pants pocket (*People* v. *Graham* (1969) 71 Cal.2d 303, 326-327 [78 Cal.Rptr. 217, 455 P.2d 153]) all constitute "personal property."

To return to the question: if one commits robbery has he or she *necessarily* committed grand theft vehicle? The answer is plain: *no.* Grand theft vehicle requires the taking of a "motor vehicle" (§ 487h, subd. (a)).[13] Since a robbery can be committed by taking a pack of cigarettes, an empty wallet, a one-dollar bill, or a ripped-off pants pocket, one *can* commit a robbery without committing grand theft vehicle.

## PEOPLE V. IRVIN

As the previous discussion indicated, *People* v. *Irvin* is wrongly decided. It may be useful to trace the missteps which caused its error.

*Irvin* misread *People* v. *Pearson*, suggesting it is authority that grand theft is an included offense of robbery. *Irvin* states: "In the *Pearson* case, the Supreme Court noted that where a defendant is convicted 'of robbery and grand theft for the same act . . . ['] the grand theft conviction must be reversed "because it is a lesser necessarily included offense of the crime of robbery." ' ([*People* v. *Pearson, supra*, 42 Cal.3d 351, 355], citing *People* v. *Cole* (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182].)" (*People* v. *Irvin, supra*, 230 Cal.App.3d at p. 184.)

---

[12]Theft, including grand theft, does not include elements (3) and (4). (See 2 Witkin & Epstein, Cal. Criminal Law, *supra*, § 63, p. 715 et seq. One type of grand theft, grand theft person, does include element (3) (§ 487, subd. 2).) Element (1), "taking," if satisfied for robbery, is satisfied for theft. (2 Witkin & Epstein, Cal. Criminal Law, *supra*, § 635, p. 715 et seq.)

[13]In relevant part the section provides: "Every person who feloniously steals or takes any motor vehicle . . . is guilty of grand theft. . . ." Effective January 1, 1993, section 487h was repealed. It is now incorporated in section 487, subdivision 3.

"Ordinary" grand theft, both before and after January 1, 1993, requires that the value of the personal property exceeds $400. (§ 487, subd. 1.)

In fact, *People* v. *Pearson* provides no support for *Irvin*'s conclusion and is analytically irreconcilable with it. *People* v. *Pearson* held that child molestation was *not* a lesser included offense of child sodomy (§ 286, subd. (c)), i.e., a defendant could be *convicted* of both offenses for his *single act*. *Pearson* did not involve either robbery or grand theft. *Pearson*'s reference to *People* v. *Cole*, elliptically quoted by *Irvin*, was for the proposition that "multiple convictions may *not* be based on necessarily included offenses." (*People* v. *Pearson, supra,* 42 Cal.3d 351, 355.) *Pearson* noted: "We recently affirmed this *policy* in *People* v. *Cole* . . . ." (*Ibid.,* italics added.)

*People* v. *Cole* (1982) 31 Cal.3d 568 [183 Cal.Rptr. 350, 645 P.2d 1182], however, does lend support for *Irvin*. But *Cole* relies on an attorney general concession,[14] engages in no analysis, and cites only one case which does not support its conclusion. The entire subject discussion in *Cole* is the following: "Finally, appellant argues, and the Attorney General concedes, that the grand theft conviction must be reversed because it is a lesser necessarily included offense of the crime of robbery. (*People* v. *Miller* (1974) 43 Cal.App.3d 77, 81 [117 Cal.Rptr. 491].) 'If the evidence supports the verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed.' (*People* v. *Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763].)" (*Id.* at p. 582.)

*People* v. *Miller*, the authority relied on by *Cole*, does not hold that *grand* theft is a necessarily included offense of robbery. Rather, it holds that "*simple* theft," i.e., petty or misdemeanor theft, is a necessarily included offense of robbery (and therefore the trial court erred in not instructing upon it). (*People* v. *Miller* (1974) 43 Cal.App.3d 77, 81 [117 Cal.Rptr. 491].) *Miller* is correctly decided. *Cole,* irreconcilable with all other California Supreme Court authority, is not.

*Irvin*'s reference to *People* v. *Estes* (1983) 147 Cal.App.3d 23 [194 Cal.Rptr. 909] is inapposite. *Estes* correctly held that *petty* theft[15] (not grand theft or grand theft vehicle) is a necessarily included offense of robbery and therefore the defendant could not be convicted of both.

*Irvin*'s discussion of *People* v. *Bauer* (1969) 1 Cal.3d 368 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398] is also mistaken. It begins with this irrelevant proposition: "We find no authority for the proposition that a robber may be charged with and convicted of a separate robbery, or an

---

[14]In *Irvin*, the Attorney General repeated its erroneous *Cole* concession. (*People* v. *Irvin, supra,* 230 Cal.App.3d 180.)

[15]To the same effect is *People* v. *Ramkeesoon* (1985) 39 Cal.3d 346 [216 Cal.Rptr. 455, 702 P.2d 613]. Justice Kaus holds that "theft" is an included offense of robbery.

additional offense of grand theft, because he or she took more than one item from a solitary victim during a single course of conduct." (*People* v. *Irvin, supra,* 230 Cal.App.3d at p. 185.)

The relevant question is *not* whether a defendant may be convicted of two counts of robbery or two counts of grand theft[16] for a single "act," but whether a defendant may be convicted of *robbery* and *grand theft*. In *Bauer* the defendant was so convicted and the Supreme Court allowed both convictions to remain. Only double *punishment* for those convictions was reversed.

Although *Irvin* does not explicate the test it uses, clearly it does not use the correct *elements* test to determine "includability." Without expressly saying so, *Irvin* uses an *evidence* test. Looking at the evidence, *Irvin* concludes that because there was only one robbery which involved the taking of an automobile (among other things) *therefore* "the theft of the automobile was necessarily included within that robbery." (*People* v. *Irvin, supra,* 230 Cal.App.3d at p. 186.)

Lest one doubt that *Irvin* can only cause chaos in the trial courts and confusion in the appellate courts, consider:

1. If Irvin had only been charged with robbery could he have been lawfully convicted of grand theft vehicle? (*Irvin* would say *yes.*)

2. If Irvin, charged with both robbery and grand theft vehicle, pleaded guilty to grand theft vehicle would that conviction prevent a conviction of robbery? (*Irvin* implies the answer is *yes.*)

3. If a defendant is charged only with robbery for simultaneously stealing $500, cocaine, and a machine gun what necessarily included offenses must the trial court instruct on? (*Irvin* would say grand theft, possession of cocaine, and possession of a machine gun.)

4. Does *Irvin* nullify stare decisis? For example, in a burglary trial if the evidence shows the burglary was committed by means of committing a trespass, is trespass then a necessarily included offense? Does it matter that the Supreme Court has held it is *not*? (*People* v. *Pendleton* (1979) 25 Cal.3d 371, 381-382 [158 Cal.Rptr. 343, 599 P.2d 649].)

---

[16]See *People* v. *Gardner* (1979) 90 Cal.App.3d 42, 46-40 [153 Cal.Rptr. 160]. (During one transaction a series of carcass thefts constitute one grand theft.) See also *People* v. *Hammon* (1987) 191 Cal.App.3d 1084 [236 Cal.Rptr. 822] regarding "series" crimes.

5. Does *Irvin* "overrule" *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055] by automatically reclassifying lesser related offenses into lesser included offenses?

## CONCLUSION

For these reasons I respectfully dissent.

Respondent's petition for review by the Supreme Court was denied August 19, 1993.