45 Cal.App.4th 477 (1996)
THE PEOPLE, Plaintiff and Respondent,
v.
ANDREW RUDY ESCOBAR, Defendant and Appellant.
Docket No. B079959.
Court of Appeals of California, Second District, Division Seven.
May 13, 1996.
*479 COUNSEL
Cara DeVito, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Tricia A. Bigelow and Olivia Rosales, Deputy Attorneys General, for Plaintiff and Respondent.
*480 OPINION
JOHNSON, J.
Andrew Rudy Escobar appeals from the judgment entered following a jury trial that resulted in his conviction of kidnapping for the purpose of robbery and simple kidnapping (Pen. Code, §§ 209, subd. (b), 207, counts 1, 2), two counts of second degree robbery (Pen. Code, § 211, counts 3, 7), two counts of grand theft of an automobile (Pen. Code, § 487, former subd. 3, counts 4, 10), first degree burglary (Pen. Code, § 459, count 8), attempted first degree robbery (Pen. Code, §§ 664-211, count 9), each with the use of a firearm (Pen. Code, § 12022.5), and evading a police officer (Veh. Code, § 2800.2, count 11), and his plea of guilty to possessing a firearm by a previously convicted felon (Pen. Code, § 12021, count 13) and admission of one prior serious felony conviction (Pen. Code, § 667, subd. (a).)
He contends: "I. The evidence is insufficient to support appellant's conviction of kidnapping for robbery in count 1. II. The trial court committed prejudicial error when it permitted the prosecutor to refer to the charged `kidnappings for robbery' as `carjackings,' when no such crime existed in California. III. Appellant's convictions of counts 2, 3, 4, and 10 must be reversed. IV. The `high-term' enhancements imposed for appellant's `personal use of a gun' in counts I and VIII must be stricken, as the court relied on improper factors in aggravation in selecting those upper terms."
Viewed according to the customary standard of appellate review People v. Lewis (1990) 50 Cal.3d 262, 277 [266 Cal. Rptr. 834, 786 P.2d 892] (cf. People v. Ceja (1993) 4 Cal.4th 1134, 1138-1139 [17 Cal. Rptr.2d 375, 847 P.2d 55]), the offenses occurred in two episodes that occurred on the evening of February 17, 1993. At approximately 5:30 p.m. on that date, appellant and an accomplice accosted Raul Rodriguez (counts 1 to 4) at gunpoint in the parking lot of a Huntington Park bank as Rodriguez was alighting from a borrowed white pickup truck. Rodriguez reentered the truck when appellant told him to do so. Appellant and the accomplice also entered, one on either side of Rodriguez. Appellant gave his gun to the accomplice, then demanded Rodriguez's money and wallet. After receiving the wallet and $250, appellant threatened to kill Rodriguez if he called the police, then drove off with Rodriguez and the accomplice. They drove for approximately five minutes, covering a distance of five blocks. Appellant released Rodriguez in a residential area and drove off in the truck, which was recovered the following day in Norwalk.
At approximately 10:30 p.m. the same evening, appellant was observed in a market parking lot disposing of items from the stolen pickup truck. He then *481 approached Thomas Pimental (counts 7 to 10), and ordered Pimental to give him Pimental's car keys at gunpoint. He ordered Pimental to enter the car and appellant then drove off with the stolen truck following. During an approximately 15-minute drive to Pimental's residence, appellant robbed him of $18, some change and a gold ring. Once at the residence, appellant and Pimental entered and appellant demanded more money. When Pimental's wife approached, appellant fled. Responding police officers observed appellant leaving in Pimental's car and a 30-minute high-speed pursuit ensued at the end of which appellant crashed into a block wall. As police officers approached, appellant accelerated backwards and hit a police car, knocking one officer to the ground. Appellant did not cease his effort to flee until several shots were fired by the officers (count 11).
In his defense, appellant denied involvement in the Rodriguez offenses. He admitted stealing Pimental's car at gunpoint, but claimed he did not kidnap him and that Pimental voluntarily handed him the money.
(1) The contention that the evidence was insufficient to support the finding of kidnapping for the purpose of robbery of Raul Rodriguez is without merit. Appellant claims the robbery was complete before the asportation, the movement and distance traveled were merely incidental to appellant's escape and that the movement did not substantially increase the risk of harm to the victim. The contention amounts to no more than an invitation that this court reweigh the evidence and substitute its judgment for that of the jury. That is not the function of an appellate court. Here, the evidence supports the finding that the robbery was ongoing and not complete until after the five-block drive to a more secluded area. Similarly, it cannot be said as a matter of law that the distance was merely incidental or that there was no substantial increase in the risk of harm to the victim. To the contrary, the distance traveled was significant and the removal from a public place to a more secluded residential area substantially increased the risk of harm to the victim. (Cf. People v. Smith (1992) 18 Cal. App.4th 1192, 1195-1196 [27 Cal. Rptr.2d 20]; People v. Daniels (1988) 202 Cal. App.3d 671, 683 [248 Cal. Rptr. 753]; see People v. Thornton (1974) 11 Cal.3d 738, 767-768 [114 Cal. Rptr. 467, 523 P.2d 267].)
(2) The contention that the court erred in permitting the prosecutor to use the term "carjacking" in the opening statement and closing argument is without merit. In rejecting the argument that use of the term might be prejudicial, the court observed: "It's true, carjacking is not defined as a crime under California state law. But the prejudice doesn't come simply from the use of a word that has come into common parlance and acceptance. It comes from the facts that are alleged in this case. [¶] I don't find any great *482 prejudice in the District Attorney using that word if he wishes to describe the act, because it's a combination of a hijacking, which is a robbery, and the taking of a car. [¶] The court will not preclude the People from being able to use that in a descriptive sense, if they wish." The court did not abuse its discretion in permitting the prosecutor to utilize this term as descriptive of the events shown by the evidence. While it is true that carjacking had yet to become an offense in California at the time of the complained-of comments, use of the term was merely illustrative of common experience. (See People v. Sassounian (1986) 182 Cal. App.3d 361, 396 [226 Cal. Rptr. 880].)
(3) The related contentions that the convictions for simple kidnapping (count 2, Rodriguez), robbery (count 3, Rodriguez) and grand theft automobile (counts 4, Rodriguez and 10, Pimental) must be reversed because they are included within greater offenses are partially well taken. The sentences for these counts were stayed. Respondent concedes that the simple kidnapping (count 2) must be reversed because it is included within the kidnapping for the purpose of robbery. (People v. John (1983) 149 Cal. App.3d 798, 810 [197 Cal. Rptr. 340]; cf. People v. Pearson (1986) 42 Cal.3d 351, 355 [228 Cal. Rptr. 509, 721 P.2d 595].) Similarly, when, as here, an automobile is stolen as part of the property taken in a robbery (counts 4 and 10) and no other intent is shown, the defendant may not be convicted of both robbery and grand theft of the same property. (People v. Rush (1993) 16 Cal. App.4th 20, 25 [20 Cal. Rptr.2d 15]; cf. People v. Pearson, supra, 42 Cal.3d at p. 355.) Regarding the robbery of Rodriguez (count 3), it appears that the trial court properly stayed the prison term and reversal of that count is unnecessary. (People v. Beamon (1973) 8 Cal.3d 625, 639 [105 Cal. Rptr. 681, 504 P.2d 905]; see People v. Ford (1966) 65 Cal.2d 41, 49 [52 Cal. Rptr. 228, 416 P.2d 132].)
(4) The related contentions that the reasons stated for imposition of the upper term on the two firearm use enhancements lack merit. As to the Rodriguez kidnapping for purposes of robbery, the court relied upon "the threat of great bodily harm and the vulnerability of the victim." The upper term was imposed for the firearm enhancement on the Pimental burglary because appellant's "prior convictions are numerous and of increasing seriousness." The reasons stated are supported by the record and adequately justify imposition of the upper term for each enhancement. (People v. Hall (1994) 8 Cal.4th 950, 956-964 [35 Cal. Rptr.2d 432, 883 P.2d 974].)[1]
The judgment is reversed as to count 2, simple kidnapping, and counts 4 and 10, grand theft of an automobile, and counts 2, 4 and 10 are dismissed; *483 the finding of receipt of stolen property (Pen. Code, § 496) is stricken,[2] and, in all other respects, the judgment is affirmed.
Lillie, P.J., concurred.
WOODS (Fred), J., Concurring and Dissenting.
I dissent from the reversal of the grand theft auto counts: grand theft auto is not a lesser included offense of robbery.
Almost three years ago the majority held grand theft auto is an included offense of robbery. (People v. Rush (1993) 16 Cal. App.4th 20, 25 [20 Cal. Rptr.2d 15].) I dissented. (Id. at pp. 27-38.)
I did not understand the majority's reasoning then and do not understand it now. Perhaps because it is an oxymoron. Rush states that an included offense "analysis is conducted in the abstract, without reference to the ... facts of the particular case" (16 Cal. App.4th at p. 23) and also states the opposite: "The analysis of lesser included offenses ... is based upon the... facts in support of the conviction. The inquiry is essentially fact specific...." (Id. at p. 25.)
The majority reiterated their position in People v. Gamble (1994) 22 Cal. App.4th 446 [27 Cal. Rptr.2d 451]. Again I dissented. (Id. at pp. 455-456.)
Since Rush and Gamble two other courts have scrutinized the majority and dissenting views in Rush and Gamble. Both reject the majority view. (People v. Miranda (1994) 21 Cal. App.4th 1464 [26 Cal. Rptr.2d 610] [6th Dist.]; the other opinion has been ordered depublished.)
Whether an offense includes a lesser offense, charged or uncharged, is a common and significant question. If the answer is yes, the trial court may have a sua sponte duty to instruct on the included offense and failure to do so may be reversible error. If yes, a jury cannot render a verdict on the lesser without first deciding the greater. If yes, only one conviction may be rendered, regardless of the number of included offenses. If yes, jeopardy attaches as to all offenses when it attaches to any. (See generally, People v. Rush, supra, 16 Cal. App.4th 20, 37-38 (dis. opn. of Woods (Fred), J.).)
*484 At present, Court of Appeal decisions can only bewilder, not enlighten, trial courts. (Compare People v. Irvin (1991) 230 Cal. App.3d 180 [281 Cal. Rptr. 195] [2d Dist., Div. 5]; People v. Gomez (1992) 2 Cal. App.4th 819 [3 Cal. Rptr.2d 418] [2d Dist., Div. 3]; People v. Rush, supra, 16 Cal. App.4th 20 [2d Dist., Div. 7]; People v. Gamble, supra, 22 Cal. App.4th 446 with People v. Miranda, supra, 21 Cal. App.4th 1464 [6th Dist.]; People v. Rush, supra (dis. opn. of Woods (Fred), J.); People v. Gamble, supra, (dis. opn. of Woods (Fred), J.).) Although in 1994 our Supreme Court granted review to a case involving this issue (People v. Scott (Cal. App.)), it recently dismissed the appeal.
There is a need to resolve this important and recurring issue. I urge our Supreme Court to do so.
On May 28, 1996, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied August 14, 1996. Baxter, J., was of the opinion that the petition should be granted.
NOTES
[1] At oral argument, appellant suggested that Coe v. Thurman (9th Cir.1990) 922 F.2d 528 requires reversal. The suggestion is meritless since there has been no prejudicial delay and appellant could have requested calendaring of oral argument at an earlier date, had such been desired.
[2] The jury returned two verdicts of guilt as to count 4: one for the greater offense of grand theft of an automobile and one for the lesser related offense of receiving stolen property. The court stayed the term imposed for the finding of receiving stolen property. The court should have struck the finding of guilt as to the lesser related offense since the jury returned a verdict on the greater offense, as well. Both parties agree this court should strike the finding of guilt as to receiving stolen property, and we agree.