[No. D005040. Fourth Dist., Div. One. Mar. 27, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
MEGAN ROSE SAVA, Defendant and Appellant.

936

COUNSEL

Matthew Lees for Defendant and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson, Senior Chief Deputy City Attorney, Eugene P. Gordon, Chief Deputy City Attorney, and Allisyn L. Thomas, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

TODD, J.—The sole question raised in this appeal is whether, pursuant to *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr 45, 674 P.2d 1303, 50 A.L.R. 4th 1055], a defendant in a misdemeanor drunk driving prosecution is entitled upon request to jury instructions on vehicle code infractions based upon a claim the infractions are lesser related offenses. This appeal is on certification from the Appellate Department of the Superior Court of San Diego County, which affirmed defendant Megan Rose Sava's municipal court conviction of driving under the influence (Veh. Code, § 23152, subd. (a)).

### BACKGROUND

On February 8, 1985, a complaint was filed in municipal court charging defendant Megan Rose Sava (Sava) with driving under the influence of

alcohol (Veh. Code, § 23152, subd. (a)) and with driving a vehicle while having a blood alcohol level of 0.10 percent or more (Veh. Code, § 23152, subd. (b)). The complaint also charged Sava with a prior misdemeanor reckless driving conviction (Veh. Code, § 23103) in connection with each of the drunk driving charges. These charges were tried before a jury.

The court refused Sava's requested jury instructions on speeding (Veh. Code, § 22348) and following too closely (Veh. Code, § 21703) and also refused her instruction directing the jury: "If [it] is not satisfied beyond a reasonable doubt that the defendant is guilty of the offenses charged and it unanimously so finds, it may convict her of any lesser offense if the jury is convinced beyond a reasonable doubt that she is guilty of such lesser offense. [¶] The offense of 'following too closely' in violation of California Vehicle Code Section 21703 is a lesser offense to the offenses charged in Counts I and II. [¶] The offense of 'speeding' in violation of California Vehicle Code Section 22348 is a lesser offense to the offenses charged in Counts I and II." The jury found Sava not guilty of driving with a blood alcohol level of 0.10 percent or more as charged in count II of the complaint. Sava was found guilty as charged in count I of the complaint of driving under the influence of alcohol. Sava appeals, contending the court erroneously refused her instructions on speeding and following too closely, claiming the infractions are lesser related offenses to drunk driving.

DISCUSSION

In *People* v. *Geiger, supra,* 35 Cal.3d 510, the Supreme Court held due process requires a criminal defendant be allowed to request a jury instruction on a lesser offense that is closely related to the charged offense even though the related offense is not necessarily included in the charged offense. (*Id.* at pp. 526-532.) In *Geiger,* the defendant's second degree burglary conviction was reversed upon the defendant's claim that in accordance with his theory of the case he could have been convicted of vandalism (Pen. Code, § 594), a related offense not necessarily included in burglary. The Supreme Court reversed, advising at the outset: "[W]e find no reason in law, justice, or common sense why a jury that is not persuaded of the defendant's guilt of the charged offense should not have the opportunity to find him guilty of a lesser related offense where, as here, the lesser offense is closely related to that charged, there is evidence of its commission, and defendant's theory of defense is consistent with such a finding. . . . [W]ell-established principles of constitutional dimension . . . support the giving of instructions upon request in such a situation . . . ." (*People* v. *Geiger, supra,* 35 Cal.3d at p. 514.) The touchstone principle of the *Geiger* decision is a defendant has a constitutional right to have the jury determine every material issue presented by the evidence. From this the court noted the state does not have an interest

in a defendant " 'obtaining an acquittal where he is innocent of the primary offense charged but guilty of a necessarily included offense. Nor has the state any legitimate interest in obtaining a conviction of the offense charged where the jury entertains a reasonable doubt of guilt of the charged offense but returns a verdict of guilty of that offense solely because the jury is unwilling to acquit where it is satisfied that the defendant has been guilty of wrongful conduct constituting a necessarily included offense.' ..." (*Id.* at p. 519, quoting *People* v. *Martin* (1970) 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390].) These same considerations requiring instructions on lesser included offenses were deemed applicable to instructions on lesser related offenses because "it would be fundamentally unfair to deny the defendant the right to have the court or jury consider the 'third option' of convicting the defendant of the related offense." (*People* v. *Geiger, supra,* 35 Cal.3d at p. 520.) The "reliability of the factfinding process demands affording the jury the 'third option' when the evidence supports a conviction of a related, but not necessarily included, offense." (*Id.* at p. 525.)

While fairness to a defendant mandates instructions on lesser related offenses under appropriate circumstances, the court also observed the benefits of such a rule adhere not just to the defendant in criminal trials, but to the People as well. "Just as the lesser included offense doctrine serves the interests of the People by permitting conviction of a lesser offense rather than acquittal of a clearly guilty defendant when the prosecution fails to prove the charged offense, instructions on related offenses will ensure that some guilty defendants who would otherwise go free will be punished for a crime which they committed even though it was overlooked by a prosecutor or was not charged because the prosecutor overestimated the strength of the People's evidence." *(People* v. *Geiger, supra,* 35 Cal.3d 510, 530.)

*Geiger* thus holds to justify instructions on lesser related offenses, the defendant must show (1) that there is "some basis, other than an unexplainable rejection of prosecution evidence," to justify a jury finding on the related charge; (2) that the evidence supporting the related charge is "relevant to and admitted for the purpose of establishing whether the defendant is guilty of the charged offense"; and (3) that the defense theory is consistent with a conviction for the related offense. (*People* v. *Geiger, supra,* 35 Cal.3d 510, 531.) Based on the constitutional principle of due process and fundamental fairness to the defendant, the *Geiger* rule under appropriate circumstances thus expands the issues a jury may properly be permitted to determine.

However, neither the rule nor the spirit of the rule announced in *Geiger* can be extended to cases in which a defendant in a misdemeanor drunk driving prosecution seeks jury instructions on infractions as lesser related offenses to the charge of driving under the influence. ■ An accused

charged with an infraction is not entitled to a jury trial nor is she entitled to counsel at public expense. Penal Code section 19c provides: "An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury. A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him unless he is arrested and not released on his written promise to appear, his own recognizance, or a deposit of bail." Further, infractions are not crimes and the rule forbidding successive prosecutions of a defendant is not applicable when an infraction is one of the offenses involved. (*People* v. *Battle* (1975) 50 Cal.App.3d Supp. 1 [123 Cal.Rptr. 636].)[1] Proceedings on infractions are not attended by the same constitutional safeguards as those attending felony or misdemeanor prosecutions. The limitation on an accused's right to jury trial of infractions has withstood constitutional attack upon the rationale the Legislature did not intend to classify infractions as crimes. (See *People* v. *Oppenheimer* (1974) 42 Cal.App.3d Supp. 4 [116 Cal.Rptr. 795] and *People* v. *Battle, supra,* 50 Cal.App.3d Supp. 1.) The only occasion when an accused *might* be afforded a jury trial on an infraction is when the accused is charged with both a misdemeanor and an infraction and jury trial of the misdemeanor charge is not waived. (Pen. Code, § 1042.5.)[2] As Presiding Judge Holmes observed in his concurrence in *Battle,* the underlying purpose of Penal Code section 1042.5 is promotion of expeditious disposal of infractions cases "which is the chief reason for classifying them as such." (*People* v. *Battle, supra,* 50 Cal.App.3d Supp. 1, Supp. 7.)

In view of the fundamental procedural differences between the treatment of infractions and more serious offenses, a holding which would permit a

---

[1]In *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206], the defendant was charged with exhibiting a firearm, a misdemeanor (Pen. Code, § 417). A month later, the defendant was charged with felony possession of a concealable weapon by one who has been convicted of a felony (Pen. Code, § 12021). The defendant pleaded guilty to violating Penal Code section 417 and then moved to dismiss the information charging the Penal Code section 12021 violation on the ground it was barred by Penal Code section 654. The motion was denied. The defendant sought a writ of prohibition to prevent his trial. The court issued the writ, holding: "[I]f an act or course of criminal conduct can be punished only once under [Penal Code] section 654, either an acquittal or conviction and sentence under one penal statute will preclude subsequent prosecution in a separate proceeding under any other penal statute." (*Kellett* v. *Superior Court, supra,* 63 Cal.2d at p. 828.) As the court in *Battle* observed, *Kellett* was concerned only with felonies and misdemeanors, not misdemeanors and infractions. "[T]he *Kellett* court was concerned with successive prosecutions for *crimes.*" *People* v. *Battle, supra,* 50 Cal.App.3d Supp. 1 at p. Supp. 5.) *Battle* soundly reasoned infractions are not *crimes*; hence, the *Kellett* rule was held inapplicable to prosecutions involving infractions.

[2]Penal Code section 1042.5 provides: "Trial of an infraction shall be by the court, but when a defendant has been charged with an infraction and with a public offense for which there is a right to jury trial and a jury trial is not waived, the court may order that the offenses be tried together by jury or that they be tried separately with the infraction being tried by the court either in the same proceeding or a separate proceeding as may be appropriate."

jury to consider whether a defendant in a misdemeanor drunk driving prosecution committed an infraction would be an illogical result. Since the *Geiger* rule is built upon the precept a defendant has a constitutional right to have the jury determine every issue material to the charged crime as presented by the evidence, this very precept bars application of the rule to permit jury consideration of infractions as lesser related offenses to the crime charged. With the one very limited exception noted above, it has never been within the province of the jury to determine whether an infraction has been committed since an accused has neither a statutory nor constitutional right to jury trial of charged infractions. Consequently, the Supreme Court's perceived "third option" benefit of the *Geiger* rule (conviction of a lesser related offense in addition to the conviction or aquittal of the charged offense options) is inapplicable to infractions. The *Geiger* rule should not be permitted to be used as a guise for expanding the issues a jury may otherwise be properly permitted to consider in misdemeanor drunk driving prosecutions. Neither reason nor fairness requires the possible disposition of misdemeanor or felony charges through conviction on minor traffic infractions.

DISPOSITION

Judgment is affirmed.

Butler, Acting P. J., and Lewis, J., concurred.