[No. B079321. Second Dist., Div. Seven. Sept. 20, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL JOSEPH MILLER, Defendant and Appellant.

## Counsel

R. Clayton Seaman, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

Marc E. Turchin and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS (Fred), J.**—A jury convicted appellant of first degree murder (Pen. Code,[1] § 187) and found true a robbery special circumstance (§ 190.2, subd. (a)(17)) and a firearm allegation. (§ 12022, subd. (a)(1).) Financial gain (§ 190.2, subd. (a)(1)) and lying-in-wait (§ 190.2, subd. (a)(15)) special circumstances were found not true. Appellant was sentenced to state prison for life without the possibility of parole.

Appellant contends the trial court erred in refusing to give a grand theft person instruction and in giving the standard reasonable doubt instruction. (CALJIC No. 2.90.) We find no error and affirm the judgment.

### FACTUAL BACKGROUND

Appellant's claimed errors (an instruction given and an instruction refused) do not require a minute detailing of the evidence. We summarize the evidence with a perspective favoring the judgment. (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303-304 [228 Cal.Rptr. 228, 721 P.2d 110].)

Appellant and David Wayne Smith[2] (Smith) had worked together in Seattle and were friends. At Smith's invitation appellant left Seattle in July 1992, came to Southern California, stayed at Smith's residence, and did work for Smith.

Smith had a business with Stefan Sweetster[3] (the victim) called Vision Doors and Windows. Besides doors and windows, the business was also involved in the theft of business machines and computers. On October 16, 1992, the date the victim was murdered, the business had 275 pieces of stolen business equipment worth about $70,000.

On the evening of October 16, 1992, appellant, Smith, and the victim left the victim's apartment and drove in a white van to a remote area in the Santa Monica mountains. All three got out and a short distance from the van the victim was fatally shot five times in the head, face, and neck with a .38-caliber firearm. Appellant and Smith removed the victim's wallet and other

---

[1] Statutory references, unless otherwise noted, are to the Penal Code.

[2] A codefendant not tried with appellant and not a party to this appeal.

[3] The information spells the victim's name this way. Appellant and respondent spell his name Sweetzer.

identification and left in the van. They went to a bar and then to the victim's apartment where they took some of the victim's property. They spent the night at Smith's residence.

Using false names appellant and Smith rented a storage unit in Huntington Beach. They then loaded all the stolen computers and business equipment from the Vision Doors and Windows business into a van, drove to their storage unit, and unloaded the equipment. Appellant cleaned and hid the van.

The victim's body was promptly discovered by patrol agents who had seen the suspicious white van. Police recovered a pager from the victim but found no identification.

Investigating officers made contact with Smith three days after the murder when Smith, in order to feign ignorance of his partner's whereabouts, called the victim's pager. Smith gave several conflicting statements, finally admitting being present at the murder site. He implicated appellant, who he said shot the victim.

Appellant was soon arrested at Smith's residence attempting to flee. He gave several conflicting statements to the police, first claiming that "Richard" shot the victim, then admitting there was no Richard, and finally saying Smith shot the victim.

## DISCUSSION

1. *Appellant contends the trial court erred in refusing to give a grand theft person instruction.*

Defense counsel requested a grand theft person instruction. (§ 487, former subd. 2: "Grand theft is theft committed . . . . 2. When the property is taken from the person of another." The current statute is § 487, subd. (c).) Ultimately, the trial court refused the request.

Appellant contends the refusal was error. His argument is based upon a trial court's duty to instruct on lesser included offenses. Appellant argues: (1) There was evidence of grand theft person; (2) grand theft person is a lesser included offense of robbery; and (3) robbery was both a special circumstance allegation and a relied-upon felony-murder theory for first degree murder.

As authority for his argument appellant cites *People v. Ramkeesoon* (1985) 39 Cal.3d 346 [216 Cal.Rptr. 455, 702 P.2d 613], *People v. Turner* (1990) 50

Cal.3d 668 [268 Cal.Rptr. 706, 789 P.2d 887], *People* v. *Webster* (1991) 54 Cal.3d 411 [285 Cal.Rptr. 31, 814 P.2d 1273], and *People* v. *Kelly* (1992) 1 Cal.4th 495 [3 Cal.Rptr.2d 677, 822 P.2d 385]. All are inapposite because, unlike the instant case, in each the defendant was *charged* with robbery.

Appellant was charged only with murder, not robbery. The robbery special-circumstance allegation had no effect on what offenses were included in the murder charge (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 101 [192 Cal.Rptr. 748, 665 P.2d 520]) nor did reliance on a felony-murder theory. The included offense doctrine applies only to charged offenses. (§ 1159.) Appellant was not charged with robbery and— notwithstanding the robbery special-circumstance allegation and prosecution reliance upon a robbery-murder theory—could not have been convicted of robbery.[4] Accordingly, because grand theft person is not a lesser included offense of murder, the trial court had no sua sponte duty to instruct on grand theft person.

This conclusion does not end the matter. Although, as we have noted, appellant's argument is based only upon the lesser *included* offense doctrine, respondent appropriately discussed the lesser related offense doctrine.

We are satisfied the lesser related offense issue is fairly before us, having been raised in the trial court and in respondent's brief, and we now consider it.

*People* v. *Geiger, supra,* 35 Cal.3d 510 held that in appropriate circumstances a defendant is entitled to jury instructions on related but not necessarily included offenses. (*Id.* at p. 530.) Those circumstances are: "the existence of some basis, other than an unexplainable rejection of prosecution evidence, on which the jury could find the offense to be less than that charged. [¶] Second, the offense must be one closely related to that charged and shown by the evidence . . . . [¶] Finally, the instructions must be justified by the defendant's reliance on a theory of defense that would be consistent with a conviction for the related offense." (*Id.* at p. 531.)

The trial court refused to instruct on grand theft person because that offense was not "closely related" to the charged offense of murder. We conclude the trial court was correct. (See *People* v. *Boyd* (1985) 167 Cal.App.3d 36 [212 Cal.Rptr. 873] [robbery charged; defendant requested instructions on attempted possession of cocaine, exhibiting a weapon, and

[4]Additionally, because robbery can be committed without committing grand theft person the latter is not an included offense of the former. (*People* v. *Geiger* (1984) 35 Cal.3d 510, 517, fn. 4 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]; *People* v. *Rush* (1993) 16 Cal.App.4th 20, 27 et seq. [20 Cal.Rptr.2d 15] (dis. opn. of Woods (Fred), J.).)

assault with a deadly weapon properly refused]; *People* v. *Sava* (1987) 190 Cal.App.3d 935 [235 Cal.Rptr. 694] [misdemeanor drunk driving charged; defendant-requested instructions on speeding and following-too-closely infractions properly refused]; *People* v. *Simpson* (1987) 192 Cal.App.3d 1360 [237 Cal.Rptr. 910] [felony assault charged; defendant-requested battery instruction properly refused]; *People* v. *Hill* (1992) 6 Cal.App.4th 33 [8 Cal.Rptr.2d 123] [selling an in lieu of controlled substance charged; defendant-requested petty theft by false pretense instruction properly refused]; *People* v. *Araujo* (1992) 10 Cal.App.4th 700 [12 Cal.Rptr.2d 662] [burglary charged; misdemeanor joyriding (§ 499b) instruction properly refused].)

In explaining "closely related" *Geiger* noted "the right to instructions on related offenses is not without limit . . . [and] exists . . . to avoid any incentive to convict the defendant on a greater offense than that which he committed." (*People* v. *Geiger, supra*, 35 Cal.3d at p. 531.)

No such incentive was present here. If the jury believed Smith shot the victim and appellant was unaware he was going to do so, the jury, as instructed, could have convicted appellant of accessory after the fact (§ 32; CALJIC No. 6.40), a lesser related offense. If the jury believed appellant was aware Smith was going to shoot the victim (and aided or abetted him) but the shooting was not during the commission of a robbery the jury, as instructed, could have convicted him of second degree murder.[5]

An additional reason should be noted.

Had the trial court *incorrectly* instructed on grand theft person, unintended complications could have resulted. We explain.

It was possible, from the evidence, to convict appellant of first degree murder, either as premeditated or as committed during the commission of a robbery. It was also possible to convict appellant of only second degree murder. Had the trial court given the subject instruction it would have been possible to convict appellant not only of first or second degree murder but *also* of grand theft person.

Had the jury convicted appellant of either first degree or second degree murder and also convicted him of grand theft person we would be confronted by this unintended complication: "The conviction of a related offense constitutes an acquittal of the charged offense." (*People* v. *Geiger, supra*, 35 Cal.3d at p. 528.)

---

[5] At appellant's request the trial court instructed the jury: "Taking property by force or fear for the purpose of destroying it to prevent identification of a victim whom a defendant intended to murder would constitute robbery but would not constitute a murder during the commission of a robbery."

Such a possibility—that conviction of grand theft person might constitute an acquittal of murder—underscores the correctness of the trial court's determination[6] that grand theft person was not "closely related" to murder.

2. *Appellant contends the trial court erred in giving the standard reasonable doubt instruction (CALJIC No. 2.90).*

*Victor* v. *Nebraska* (1994) __ U.S. __ [127 L.Ed.2d 583, 114 S.Ct. 1239] found CALJIC No. 2.90 constitutional. Appellant's contention is without merit.

DISPOSITION

The judgment is affirmed.

Lillie, P. J., concurred.

**JOHNSON, J.**—I respectfully dissent.

The majority takes the position a trial court need not instruct as to the lesser of "grand theft person" in a robbery-murder and robbery special-circumstance case unless the prosecution includes a separately pleaded robbery charge. I have a problem with this analysis. It does not seem to me the courts can allow the prosecution through artful pleading to deny a defendant a lesser instruction as to the predicate felony in a first degree felony-murder prosecution merely by omitting a separate count on that felony from its information. Even more clearly, the prosecution cannot deny a defendant a lesser instruction as to the felony on which the prosecution bases its special circumstance allegation.

The majority concedes, as it must, that the defendant would have been entitled to a lesser instruction on robbery had it been pled as a separate count. Moreover, my colleagues concede that if the trial court had failed to so instruct both the first degree murder and robbery special-circumstance convictions would have had to be reversed under recent California Supreme Court decisions the majority itself cites. (*People* v. *Kelly* (1992) 1 Cal.4th 495 [3 Cal.Rptr.2d 677, 822 P.2d 385]; *People* v. *Ramkeesoon* (1985) 39 Cal.3d 346 [216 Cal.Rptr. 455, 702 P.2d 613].)

Murder in the commission of a robbery is first degree murder. Murder in commission of grand theft person is not even second degree murder. (*People* v. *Morales* (1975) 49 Cal.App.3d 134 [122 Cal.Rptr. 157].) Furthermore,

---

[6]And should provide a warning to unwary trial courts.

murder in commission of a robbery is a special circumstance murder making the defendant eligible for death or life without possibility of parole if that special circumstance is proved. Murder in commission of grand theft person is *not* a special circumstance murder. (In this case, appellant received life without possibility of parole solely on the robbery-murder special circumstance with the jury specifically rejecting two other charged special circumstances.) Consequently, by failing to give a lesser instruction on robbery the trial court presented the jury an "all or nothing" option on both the murder charge and the special circumstance finding. Properly instructed, the jury might well have concluded appellant was only guilty of grand theft, not robbery. If so, both the first degree murder conviction and the robbery-murder special-circumstance finding would have fallen by the wayside.

As the California Supreme Court observed in a case similar to the one now before this court: "The jury here was left with an 'unwarranted all-or-nothing choice' [citation] on both the robbery *and murder* counts. The *omission of the theft instructions practically guaranteed* robbery and *felony-murder* convictions since defendant had admitted taking Mullins' property and robbery was the only available theft offense. The findings of robbery and murder did not necessarily resolve the factual question of whether the intent to steal was formulated after defendant had inflicted the fatal blows because the jury was never required to decide specifically whether defendant had formed the intent to steal after the assault. The jury was simply given the standard instructions which list the elements of robbery (CALJIC No. 9.10) and felony murder (CALJIC No. 8.21). Accordingly, the error in failing to instruct on theft and larceny cannot be deemed harmless." (*People* v. *Ramkeesoon, supra,* 39 Cal.3d at pp. 352-353, italics added, fns. omitted.) As a result, the Supreme Court reversed both the robbery and the murder convictions in *Ramkeesoon.*

More recently, the high court applied the same rationale to a robbery special circumstance finding where the trial court had failed to instruct on the lessers to robbery. In *People* v. *Kelly, supra,* "[t]he court gave the standard instructions on robbery and the robbery special circumstance, but did not specifically instruct that if defendant formed the intent to steal only after the killing, he was guilty at most of the lesser included offense of theft. . . .

"[T]he court also did not instruct on any lesser included offenses of robbery. This was error. Since there was evidence that defendant was guilty only of theft rather than robbery, the court had a sua sponte duty to instruct on theft as a lesser included offense. [Citing *People* v. *Turner* (1990) 50 Cal.3d 668, 690 [268 Cal.Rptr. 706, 789 P.2d 887]; *People* v. *Ramkeesoon, supra,* 39 Cal.3d at p. 351.] . . .

"The error was prejudicial as to the robbery count *and the robbery special circumstance.* 'An error in failing to instruct on lesser included offenses requires reversal unless it can be determined that the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions.' (*People* v. *Ramkeesoon, supra,* 39 Cal.3d at pp. 351-352.) We cannot so determine in this case.

".   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

". . . Hence, we *reverse* the robbery count, the related firearm-use enhancement, and *the robbery special circumstance.*" (*People* v. *Kelly, supra,* 1 Cal.4th at pp. 529-530, italics added.)

Thus, under *Ramkeesoon* and *Kelly* the failure to give the lesser instruction on robbery clearly infected the first degree murder conviction and the robbery-murder special-circumstance finding. There is only one question remaining—Does the fact the prosecution decided not to charge robbery as a separate count but only as a predicate felony for felony-murder and as a special circumstance mean it was unnecessary to give the lesser instruction on robbery?

The majority argues grand theft person is not a lesser of murder but only of robbery. Murder was charged; robbery was not. Consequently, there was no charge alleged in the information to which grand theft person is a lesser and it was not error to reject this instruction when appellant's counsel requested it. Especially after *Ramkeesoon* and *Kelly,* I have some serious problems with this argument.

The Supreme Court has made clear the vice in failing to give the lesser instruction is not just what it means for the robbery charge but what it means for the felony-murder charge and the special circumstance allegation. Grand theft person may not be a lesser of premeditated first degree murder, but grand theft person-murder *is* a lesser of robbery-murder. And a grand-theft-person-murder finding *is* a lesser finding of a robbery-murder special-circumstance finding. The defendant is entitled for the jury to know that when property is taken from a victim at or after a murder it does not *necessarily* mean the only crime of which the perpetrator can be found guilty is robbery-murder. The theft crime of which he is guilty may only be grand theft person and, if so, he will not be guilty of first degree felony murder and, in addition, the special circumstance allegation also will not be true.

As to the first degree felony-murder count and the special circumstance allegation the same "all or nothing" vice is present whether or not the

robbery is separately charged. Separately charged or not, robbery is the essential element—the linchpin, if you will—of both a first degree robbery-murder conviction and the robbery-murder special-circumstance allegation. It simply is irrelevant to the *Ramkeeson-Kelly* rationale for requiring trial courts to give lesser instructions as to the predicate felony in felony-murder and felony special-circumstance allegations that the felony be charged as a separate and independent felony. There is just as great a need for the lesser instruction where the predicate felony is not charged separately as where it is so charged.

The majority launches into a discussion of grand theft person as a lesser *related* offense of *murder* and the dire consequences of finding it is. I am not convinced. Had the jurors been properly instructed on this lesser offense and concluded appellant was guilty of grand theft person rather than robbery in connection with this homicide, appellant would *not* have been convicted of the independent lesser offense of *grand theft person*, because the prosecution did not charge him with robbery. No, the jury would have found appellant guilty of a lesser predicate felony—grand theft person—and thus he would not stand convicted of first degree felony murder.

This latter result is what would flow if a properly instructed jury found a defendant guilty of the lesser in a case where robbery was independently charged—the lesser becomes the predicate felony thus avoiding the first degree robbery-murder conviction. There is no reason it should be different if the prosecution elects not to add an independent robbery count to its information. The only real difference is the prosecution, having failed to include a robbery charge, does not gain a grand theft person conviction.

The position the majority adopts places the defendant and the jury entirely at the mercy of the prosecution and its charging decisions. If the prosecution wants to avoid a lesser included instruction addressed to the predicate felony for its felony-murder theory and for its special circumstance allegation, all it has to do is omit any separate count charging that predicate felony. If the prosecution chooses this charging strategy the trial court has neither a sua sponte duty to instruct on the lesser included or related offenses of that predicate felony nor even a responsibility to honor a specific defense request to give such an instruction. If the prosecution wants an "all or nothing" on first degree felony murder or special circumstance murder it can have it.

This flies in the face of a legion of cases holding the prosecution cannot by artful pleading deny a defendant his due process right to avoid "all or nothing" jury choices when some version of the evidence will support

conviction of a lesser offense. (*People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055] and cases cited therein.) The majority does not claim the evidence would not support the lesser of grand theft person as well as the greater of robbery. Instead it depends entirely on the procedural hurdle the prosecution erected when it elected to omit a separate robbery count from its charging document. But as discussed above that hurdle is not impassable. It is still feasible to give a proper lesser included instruction on the predicate felony. A prosecutor's whim or deliberate strategy is not enough to justify denial of the due process right to lesser included instructions. Accordingly, I would reverse and remand for a new trial before a properly instructed jury.

Appellant's petition for review by the Supreme Court was denied December 22, 1994. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.