Filed 5/27/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B251600 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA058331) |
| v. | |
| LEELEN D. WALKER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kathleen Blanchard, Judge.  Reversed and remanded.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Leelen D. Walker was charged with possession of marijuana for sale in violation of Health and Safety Code section 11359, a felony, and convicted by a jury. During the trial, the superior court declined to instruct the jury that it could instead convict defendant of the lesser included offense of simple possession of less than 28.5 grams (1 ounce) of marijuana, an infraction punishable by a $100 fine. (Health & Saf. Code, § 11357, subd. (b).) We hold the trial court prejudicially erred in omitting the instruction. Accordingly, we reverse defendant's conviction.

## BACKGROUND

On December 6, 2012, Los Angeles County Sheriff's Sergeant Justin Diez observed defendant sitting in a car in a motel parking lot that for years had been used for gang loitering, prostitution and drug sales. A woman stood next to the car, conversing with defendant. When Diez approached the vehicle he detected the scent of fresh (unburnt) marijuana. A search of defendant's person produced a medical marijuana card and cash totaling $249, consisting of a $100 bill, three $20 bills, four $10 bills, seven $5 bills, and fourteen $1 bills. Neither defendant nor the woman possessed any paraphernalia for ingesting marijuana. Searching the car, Diez found a thermos bottle in the center console compartment beneath some cup holders. The thermos contained 11 plastic baggies, two of which contained a total of 7.13 grams of marijuana and nine that contained a total of 16.1 grams of marijuana, for a combined total of 23.14 grams. Defendant told Diez he had obtained the marijuana from a medical marijuana dispensary six days earlier and had already smoked some of it to alleviate pain and had given some to friends, who smoked it with him.

Defendant was arrested and charged with possession of marijuana for sale.

At trial, defendant admitted he possessed the marijuana but argued it was for his own personal use. Diez testified that in his experience, the amount and various denominations of cash defendant possessed were consistent with street-level marijuana transactions, and someone possessing marijuana for personal use would more likely keep it in a single container than repackage it in small amounts.

2

After the presentation of evidence, the trial court and counsel conferred off the record in chambers about jury instructions. When they came back on the record, the court acknowledged that possession of marijuana is a lesser included offense of possession for sale, but stated it would not instruct on the lesser offense because simple possession of less than 28.5 grams of marijuana is merely an infraction, and "it wouldn't be proper" to try an infraction to a jury. Similarly, the court stated, defendant's medical marijuana defense would not merit a jury instruction because the defense applies only to simple possession, not possession for sale. The court stated that if the jury found defendant not guilty of possession for sale, the lesser included offense of simple possession would be tried to the court, which would at that time consider defendant's medical marijuana defense.

The jury found defendant guilty, and he was sentenced to the middle term of two years plus four one-year prior-prison-term enhancements. He timely appealed.

## DISCUSSION

Defendant contends the trial court made an instructional error and an error in sentencing.

### A. *Instructional Error*

In a criminal case, the trial court must instruct on any general principles of law relevant to issues raised by the evidence. That obligation includes giving instructions on any lesser included offense when the evidence raises a question as to whether all elements of the charged offense were present. (*People v. Valdez* (2004) 32 Cal.4th 73, 115.) A defendant's right to instructions on lesser included offenses is "grounded upon considerations of fundamental fairness." (*People v. Geiger* (1984) 35 Cal.3d 510, 518 (*Geiger*), overruled on another ground by *People v. Birks* (1998) 19 Cal.4th 108, 136.) Although as a theoretical matter a jury must acquit when the prosecution fails to establish every element of the charged offense beyond a reasonable doubt, in practice, "'[w]here one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.'" (*Geiger*, *supra*, 35 Cal.3d at p. 518, quoting *Keeble v. United States* (1973) 412 U.S. 205,

3

212-213.)  A defendant "'should not be exposed to the substantial risk that the jury's practice will diverge from theory.'"  (*Ibid.*)

The requirement to instruct on lesser included offenses applies "''"even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given." [Citation.]'''  (*People v. Banks* (2014) 59 Cal.4th 1113, 1159-1160.)  "The state has no interest in a defendant obtaining an acquittal where he is innocent of the primary offense charged but guilty of a necessarily included offense.  Nor has the state any legitimate interest in obtaining a conviction of the offense charged where the jury entertains a reasonable doubt of guilt of the charged offense but returns a verdict of guilty of that offense solely because the jury is unwilling to acquit where it is satisfied that the defendant has been guilty of wrongful conduct constituting a necessarily included offense.  Likewise, a defendant has no legitimate interest in compelling the jury to adopt an all or nothing approach to the issue of guilt.  Our courts are not gambling halls but forums for the discovery of truth."  (*People v. St. Martin* (1970) 1 Cal.3d 524, 533.)

"On appeal, we review independently the question whether the trial court improperly failed to instruct on a lesser included offense."  (*People v. Souza* (2012) 54 Cal.4th 90, 113.)  Error in failing to give a lesser included instruction is reviewed for prejudice under the *People v. Watson* (1956) 46 Cal.2d 818 standard.  (*People v. Breverman* (1998) 19 Cal.4th 142, 165.)

A violation of Health and Safety Code section 11357, subdivision (b)—possession of less than 28.5 grams of marijuana—is "an infraction punishable by a fine of not more than one hundred dollars ($100)."[1]  It is therefore an offense, albeit a minor one, and is necessarily included in the greater offense of possession for sale.  (See *People v. Buchanan* (1929) 106 Cal.App.Supp. 765, 771 [possession of alcohol is an included offense of sale or transportation of alcohol].)

---

[1] The Legislature changed the classification of simple possession of less than 28.5 grams of marijuana from a misdemeanor to an infraction in 2010.  (Stats. 2010, ch 708, § 1.)

4

An instruction on simple possession was therefore plainly necessary. The trial court declined to give the instruction only because it believed it would not be proper to try an infraction to a jury. We disagree.

First, it is sometimes proper to try an infraction to a jury. Although a person charged *solely* with an infraction is not entitled to a jury trial (Pen. Code, § 19.6), when the infraction is accompanied by a felony or misdemeanor charge and a jury trial is not waived, the court may order all offenses tried together (Pen. Code, § 1042.5).[2] In any event, a jury may find a defendant "guilty of any offense, the commission of which is necessarily included in that with which he is charged." (Pen. Code, § 1159.) Therefore, lesser included infractions are perforce tried to the jury whenever a felony or misdemeanor is tried. Because a jury may find a defendant guilty of a lesser included offense, the court must instruct on it.

Respondent urges us to adopt the rationale expressed in *People v. Sava* (1987) 190 Cal.App.3d 935, which held a felony defendant is not entitled to jury instructions on lesser *related* offenses that are mere infractions in light of the "fundamental procedural differences between the treatment of infractions and more serious offenses." (*Ibid.*) We decline the invitation because procedural distinctions do not excuse the court from fulfilling its constitutional duty to instruct on all pertinent issues, even issues involving infractions.[3]

---

[2] Penal Code section 1042.5 provides: "Trial of an infraction shall be by the court, but when a defendant has been charged with an infraction and with a public offense for which there is a right to jury trial and a jury trial is not waived, the court may order that the offenses be tried together by jury or that they be tried separately with the infraction being tried by the court either in the same proceeding or a separate proceeding as may be appropriate."

[3] We note that in *People v. Birks*, our Supreme Court rejected extending the jurisprudence of lesser included offenses to lesser related offenses: "[T]he two situations present starkly distinct constitutional and policy considerations." (*People v. Birks*, *supra*, 19 Cal.4th at p. 120.)

5

Here, it was undisputed that defendant possessed marijuana. It was also undisputed that simple possession of marijuana was a lesser included offense of possession of marijuana for sale. Without a simple possession instruction, the jury had only two choices: convict on the felony sales count or acquit altogether. This is precisely the all-or-nothing choice that *People v. Birks* concluded was improper. (*People v. Birks*, *supra*, 19 Cal.4th at p. 119.) To make matters worse, it was also undisputed that defendant had a medical marijuana defense that the jury was precluded from considering because, as the trial court found, the defense was irrelevant to the sales charge. These facts and "decades" of case law (*id*. at p. 118) compel our conclusion that the jury should have been instructed on a third choice, to wit, simple possession, irrespective of whether that lesser offense was an infraction.

B.　*Substantial Evidence Supported the Instruction, and Failure to Instruct was Prejudicial*

A defendant is entitled to instructions on lesser included offenses only if some basis exists, "other than an unexplainable rejection of prosecution evidence, on which the jury could find the offense to be less than that charged." (*Geiger*, *supra*, 35 Cal.3d at p. 531; see *People v. Birks*, *supra*, 19 Cal.4th at p. 118.) "[I]f there is no proof, other than an unexplainable rejection of the prosecution's evidence, that the offense was less than that charged, such instructions shall not be given." (*People v. Kraft* (2000) 23 Cal.4th 978, 1063.)

Here, substantial evidence existed on which the jury could have found defendant possessed marijuana for his own use and not for sale: Diez observed no sales taking place and found no scales or documents indicative of sale activity, and defendant possessed a medical marijuana card and told Diez the marijuana was for his own use to alleviate pain.

Respondent argues all the evidence pointed to only one conclusion—defendant possessed the marijuana for sale. He was parked in a lot known for drug sales, possessed no burnt marijuana or smoking paraphernalia, was not under the influence, possessed a large amount of money in varied but mostly small denominations, and had divided the

6

marijuana into small portions and secreted in a thermos hidden in the center console. In light of these facts, respondent reasons, any rejection of the prosecution's evidence would be unexplainable. We are unpersuaded.

We agree the jury could infer that defendant's packaging marijuana into small portions evidenced his intent to sell it to customers. And the prosecution's other evidence—that defendant was parked in a lot known for drug sales, that he possessed no burnt marijuana or smoking paraphernalia and was not under the influence, and that he possessed a large amount of money in varied but mostly small denominations—was consistent with an intent to sell. But that inference was not compelled in light of innocent explanations for defendant's possession of small amounts. The jury could also have inferred from the same evidence that defendant repackaged the bulk marijuana to preserve freshness or facilitate transport.

Failure to instruct on simple possession was prejudicial because it is reasonably probable at least one juror would have rejected the prosecution's inferences and concluded defendant possessed the marijuana for personal use, especially in light of there being no evidence of actual sales. (*People v. Watson*, *supra*, 46 Cal.2d at pp. 836-837 [reversal warranted if it is reasonably probable the defendant would have obtained a more favorable result had proper instructions been given]; see *People v. Soojian* (2010) 190 Cal.App.4th 491, 520 ["a hung jury is a more favorable result than a guilty verdict"].)

C.     *No Invited Error*

A claim of instructional error pertaining to a lesser included offense "may be waived under the doctrine of invited error if trial counsel both '"intentionally caused the trial court to err"' and clearly did so for tactical reasons. [Citation.] Invited error will be found, however, only if counsel expresses a deliberate tactical purpose in resisting or acceding to the complained-of instruction." (*People v. Souza*, *supra*, 54 Cal.4th at p. 114.)

Respondent contends the invited error doctrine applies here because defense counsel expressly agreed that no lesser included instruction be given, and did so as part of a tactical decision to force the jury to an all-or-nothing choice. We disagree. Although

7

counsel agreed that no lesser included instruction be given, nothing in the record indicates she did so for a tactical reason.

After meeting with both counsel off the record in chambers, the trial court went back on the record and stated, "clearly in any possession for sale case there's a lesser included offense of straight possession. [¶] The way that I understand the law now, and I believe counsel concurs, if we're talking about under an ounce of marijuana, . . . it's actually an infraction, and the defendant is not entitled to a jury trial on the infraction; moreover, in this case the way that the Compassionate Use Act works, that may be a defense to simple possession. It's not a defense to possession for sale, . . . both sides really have made the strategic decision to not get into all of that in front of the jury, since the only count that it would go to would be a lesser included that doesn't go to the jury. [¶] So that being said, I believe we're all in agreement, and counsel can correct me if I'm wrong, what we'd like to do is just submit to the jury this case as possession for sale, just count 1 with no lesser includeds . . . . [¶] . . . . [W]hat we're going to do now is end the evidence here for the jury with the understanding that, if they do come back not guilty on the charged count and we have that court trial on the infraction, the court is going to take into consideration all of the evidence received thus far in the case, but also I will allow both sides to reopen their cases to put on any evidence if they choose to with regard to the Compassionate Use Act insofar as it may be a defense to that lesser included offense. [¶] Is that correct, Ms. Konstantelos [defense counsel]?"

Defense counsel replied, "Yes."

Nowhere in the above colloquy did defense counsel make an affirmative objection to a lesser included instruction or state she had a strategic reason for doing so. Counsel merely acquiesced to the trial court's procedure, which was based on the mistaken belief that an infraction cannot be tried to a jury. "The trial court's duty to fully and correctly instruct the jury on the basic principles of law relevant to the issues raised by the evidence in a criminal case is so important that it cannot be nullified by defense counsel's negligent or mistaken failure to object to an erroneous instruction or the failure to request an appropriate instruction." (*People v. Avalos* (1984) 37 Cal.3d 216, 229.) An express

8

tactical objection is required before a failure to instruct on a lesser included offense may be found to have been "invited." (*People v. Wickersham* (1982) 32 Cal.3d 307, 335.) Here there was none.

Respondent argues defense counsel's acquiescence to the court's procedure was for the tactical purpose of deliberately narrowing the jury's choice of verdicts. Nothing in the record affirmatively supports the argument. The mere existence of a possible tactical purpose for acquiescing to omission of a lesser included instruction does not suffice. If this were the test, "then invited error would be found wherever the accused had a tactical reason not to seek a necessarily included instruction. Since there is always a tactical reason not to want a necessarily included offense as an alternative—namely, to force the jury to an all-or-nothing choice—all situations would fit under that rule." (*People v. Wickersham*, *supra*, 32 Cal.3d at p. 334.)

D.      *Conclusion*

For the foregoing reasons, we conclude it is reasonably probable that defendant would have obtained a more favorable result if the trial court had not erred by failing to instruct on simple possession. We must therefore reverse his conviction. We need not reach defendant's claim of sentencing error.

## DISPOSITION

Defendant's conviction is reversed and the sentence vacated. Because we do not conclude insufficient evidence supported defendant's conviction, he may be retried. The matter is remanded for further proceedings consistent with this opinion.

TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.               BENDIX, J.[*]

_____

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.